UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN GABOR VILLANUEVA-MONTANEZ,<br><br>        Petitioner,<br><br>   v.<br><br>TODD M. LYONS, et al.,<br><br>        Respondents. | No.  2:26-cv-00954-DAD-CKD<br><br><br>ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 2) |

On March 18, 2026, *pro se* petitioner Ivan Gabor Villanueva-Montanez filed a motion for temporary restraining order.  (Doc. No. 2.)  Therein, petitioner alleges that on January 1, 2022, he entered the United States legally after being granted humanitarian parole under INA § 212(d), he has a pending application for asylum, and on December 4, 2025, he was arrested when he attended a routine check-in with ICE without any warning, paperwork, or legitimate reason.  (*Id.* at 2–3.)  Also on March 18, 2026, the court directed the Clerk of the Court to serve respondents with a copy of the petition, motion for temporary restraining order, and the court's order, and directed respondents to file an opposition to the motion for temporary restraining order by March 19, 2026 at 5 p.m.  (Doc. No. 4.)  That same day, the Clerk of the Court served respondents in accordance with the court's instructions.  Respondents have yet to file their opposition to the pending motion, and the time provided by the court in which to do so has now passed.

1

The court finds persuasive the analysis of the district court in *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026).  There, as here, the petitioner entered the United States lawfully and later applied for asylum such that immigration officials were aware of the petitioner's presence, initially approved of that presence, and when the status expired, did not promptly detain the petitioner based on that expiration.  *Id.* at *1.  In *Kharitonova*, the court found that the petitioner had a protected liberty interest because, "[a]lthough the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained."  *Id.* at *2; *see also Prior v. Andrews, et al.*, No. 1:25-cv-01131-JLT-EPG (HC), 2026 WL 698801, at *3 (E.D. Cal. Mar. 12, 2026) ("Petitioner developed a liberty interest in remaining out of custody following ICE's decision not to detain him for the past five years, despite being aware of his deportable convictions as early as February 24, 2020, when the Notice to Appear was issued.").  The analysis engaged in by these district courts aligns with the Supreme Court's original reasoning for finding that parolees have a protected liberty interest. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).  There, as here, the release (or decision not to detain) is "based on an evaluation[,]" allows for "a relatively normal life[,]" and as a result the parolee or petitioner "relied on at least an implicit promise" that the parole or decision not to detain will be revoked only if he fails to live up to the applicable "conditions."  *Id.*

In addition, for the same reasons stated by the undersigned in *Kharitonova* and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), where the petitioner similarly had a protected liberty interest in their continued freedom, the court finds that petitioner's immediate release is the appropriate remedy for the due process violation found here.

## CONCLUSION

For the reasons stated above,

1.      Petitioner's motion for a temporary restraining order (Doc. No. 2) is GRANTED as follows:

/////

2

  a. Respondents are ORDERED to immediately release petitioner from custody;

  b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2. Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure; and

3. The parties are directed to meet and confer and, if possible, submit a joint proposed briefing schedule and hearing date with respect to any motion for a preliminary injunction no later than fourteen (14) days from the date of entry of this order.

IT IS SO ORDERED.

Dated: **March 20, 2026**    _Dale A. Drozd_

            DALE A. DROZD
            UNITED STATES DISTRICT JUDGE

3