UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN GABOR VILLANUEVA-MONTANEZ (A No. 241 706 386),<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, WARDEN California City ICE Detention Facility,<br><br>Respondent. | No. 2:26-cv-0954 DAD CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17). Respondents move for dismissal of the petition and that a temporary restraining order (TRO) entered March 23, 2026, be dissolved. The court recommends that both motions be granted.

I. Background

Petitioner is a native and citizen of Peru. ECF No. 1 at 11. He entered the United States on or about January 1, 2022, without authorization, was encountered by Immigration and Customs Enforcement Agency (ICE) officers and released into the country. Id. Petitioner has an application for asylum pending. Id.

/////

On December 4, 2025, petitioner appeared for an immigration appointment with ICE officers in Los Angeles and was taken into custody. ECF No. 1 at 12. At the time, petitioner had no criminal record. Id. Petitioner was charged with being inadmissible under 8 U.S.C. § § 1182(a)(6)(A)(i) & 1182(a)(7)(A)(i)(I) and ordered to appear for immigration proceedings on December 15, 2026. ECF No. 11-1.

On February 24, 2026, at a hearing before an immigration judge, petitioner admitted he is removable from the United States and agreed to voluntarily leave pursuant to 8 U.S.C. § 1229c. ECF No. 1 at 17; 11-2 at 1. The deadline for petitioner to leave the United States without consequence was March 19, 2026. ECF No. 11-2 at 1. The immigration judge who issued the voluntary removal order also ordered, pursuant to authority do so under 8 C.F.R. § 1240.26(d), that if petitioner did not voluntarily leave the United States by March 19, 2026, he be removed to Peru. ECF No. 11-2 at 3. Nothing suggests petitioner appealed the order of the immigration judge (and it is not clear whether he could have).

Petitioner filed his petition for writ of habeas corpus on March 18, 2026, along with a motion for a TRO in which petitioner sought immediate release from custody. ECF No. 1 & 2. While petitioner attached to his petition an exhibit indicating he had been granted voluntary departure by an immigration judge on February 24, 2026, ECF No. 1 at 17, petitioner made no mention of the deadline for voluntary removal or any other aspect of pending removal proceedings.

The district court judge assigned to this case ordered respondents to file a response to the motion for TRO by 5:00 p.m. on March 19, 2026. ECF No. 4. Respondents did not comply.

On March 23, 2026, the district court judge issued a TRO requiring that petitioner be released from ICE custody and that petitioner not be re-detained "absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk." In support of the court's order, the court found as follows:

/////

> The court finds persuasive the analysis of the district court in *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026). There, as here, the petitioner entered the United States lawfully and later applied for asylum such that immigration officials were aware of the petitioner's presence, initially approved of that presence, and when the status expired, did not promptly detain the petitioner based on that expiration. *Id.* at *1. In *Kharitonova*, the court found that the petitioner had a protected liberty interest because, "[a]lthough the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained." *Id.* at *2; *see also Prior v. Andrews, et al.*, No. 1:25-cv-01131-JLT-EPG (HC), 2026 WL 698801, at *3 (E.D. Cal. Mar. 12, 2026) ("Petitioner developed a liberty interest in remaining out of custody following ICE's decision not to detain him for the past five years, despite being aware of his deportable convictions as early as February 24, 2020, when the Notice to Appear was issued."). The analysis engaged in by these district courts aligns with the Supreme Court's original reasoning for finding that parolees have a protected liberty interest. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). There, as here, the release (or decision not to detain) is "based on an evaluation[,]" allows for "a relatively normal life[,]" and as a result the parolee or petitioner "relied on at least an implicit promise" that the parole or decision not to detain will be revoked only if he fails to live up to the applicable "conditions." *Id.*
>
> In addition, for the same reasons stated by the undersigned in *Kharitonova* and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), where the petitioner similarly had a protected liberty interest in their continued freedom, the court finds that petitioner's immediate release is the appropriate remedy for the due process violation found here.

Petitioner was released on March 26, 2026, ECF No. 8, and a review of on-line records reveal petitioner remains free from ICE custody.

II. <u>Analysis</u>

Being subject to a final order of removal, 8 U.S.C. § 1231 and implementing federal regulations govern whether petitioner is subject to detention. While petitioner was subject to a final order of removal when the district court judge assigned to this case issued the March 23, 2026, TRO, that was not apparent from the record before the court at the time and has only become apparent via respondents post TRO filings including their April 8, 2026, motion to dissolve the TRO and August 20, 2026, motion to dismiss.

Since petitioner's potential detention is governed by 8 U.S.C. § 1231 and implementing federal regulations and since there is no indication respondents have denied petitioner any right to

which petitioner is entitled thereunder, the court will recommend, pursuant to respondents' request, the March 23, 2026, TRO be dissolved and motion to dismiss be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion that the temporary restraining order entered March 23, 2026, be dissolved (ECF No. 14) be GRANTED.
2. The temporary restraining order entered March 23, 2026, be DISSOLVED.
3. Respondents' motion to dismiss, petitioner's petition for a writ of habeas corpus (ECF No. 14) be GRANTED.
4. Petitioner's petition for a writ of habeas corpus (ECF No. 1) be DISMISSED.
5. This case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 11, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mont0954.mer